UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL PAUL EVANS,<br><br>Petitioner,<br>v.<br><br>RENEE BAKER, *et al.*,<br><br>Respondents. | Case No. 3:17-cv-00347-MMD-WGC<br><br>ORDER |

On June 2, 2017, this Court received the following documents from petitioner Evans: a petition for a writ of habeas corpus under 28 U.S.C. § 2254, a motion for leave to file additional pages, and a motion for appointment of counsel. (ECF No. 1.) On June 22, 2017, this Court received the filing fee for Evans' habeas petition. Thus, the Clerk will be directed to filed each of the foregoing documents.

The Court has reviewed the petition pursuant to Habeas Rule 4, and the petition shall be served upon the respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petition on file in this action is sufficiently clear in presenting the issues that petitioner wishes to bring. Also, the issues in this case are not particularly complex. It does not appear that appointment of counsel is warranted in this instance. Petitioner's motion for the appointment of counsel is denied.

It is therefore ordered that the Clerk file the petition for a writ of habeas corpus under 28 U.S.C. § 2254, the motion for leave to file additional pages, and the motion for appointment of counsel, all of which are currently located at ECF No. 1.

It is further ordered that the Clerk add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk electronically serve the petition for a writ of habeas corpus and a copy of this order on the respondents.

It is further ordered that respondents will have sixty (60) days from the date of entry of this order to appear in this action, and to answer or otherwise respond to the petition.

It is further ordered that if respondents file an answer, petitioner will have sixty (60) days from the date on which the answer is served on him to file and serve a reply. If respondents file a motion to dismiss, petitioner will have sixty (60) days from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and respondents will have thirty (30) days thereafter to file a reply in support of the motion.

1  It is further ordered that any additional state court record exhibits filed herein by
2 either petitioner or respondents must be filed with a separate index of exhibits identifying
3 the exhibits by number. The CM/ECF attachments that are filed further must be identified
4 by the number or numbers of the exhibits in the attachment. The hard copy of any
5 additional state court record exhibits must be forwarded — for this case — to the staff
6 attorneys in Reno.
7  It is further ordered that petitioner's motion for appointment of counsel is denied.
8  It is further ordered that petitioner's motion for leave to file additional pages is
9 granted.
10  DATED THIS 27th day of June 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE