UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL PAUL EVANS,<br><br>    Petitioner,<br>v.<br><br>RENEE BAKER, *et al.*,<br><br>    Respondents. | Case No. 3:17-cv-00347-MMD-WGC<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Michael Paul Evans, a Nevada prisoner. On October 26, 2017, respondents filed a motion to dismiss certain claims in Evans' petition, arguing that they are unexhausted, procedurally defaulted, and/or not cognizable in a federal habeas petition. (ECF No. 14.) Also pending before the Court is Evans' renewed motion for appointment of counsel. (ECF No. 11.) The Court decides the motions as follows.

**I.     PROCEDURAL HISTORY**[1]

On September 6, 2013, Evans signed a memorandum of plea agreement in which he agreed to enter a guilty plea to second-degree murder in the First Judicial District Court for Nevada. He entered his guilty plea in court on September 9, 2013. Under the terms of the agreement, both parties agreed to recommend a sentence of life in prison with parole eligibility beginning when a minimum of ten years had been served.

---

[1] This procedural history is based on documents filed under ECF. Nos. 15-19 and this Court's own docket.

After a sentencing hearing, the state district court entered a judgment of conviction on December 19, 2013, which found Evans guilty of one count of second-degree murder and sentenced him to life in prison with parole eligibility after serving ten years. Evans did not file a direct appeal.

On April 16, 2014, Evans filed, *pro se*, a post-conviction petition for a writ of habeas corpus in the state district court. With the assistance of court-appointed counsel, he filed a supplemental petition on November 4, 2014. The court held an evidentiary on December 1 and 2, 2015, then entered an order denying the petition on December 16, 2015. Evans appealed. The Nevada Court of Appeals affirmed the lower court's decision, and the Nevada Supreme Court issued a remittitur on March 21, 2017.

Evans mailed his federal habeas petition to this Court on May 31, 2017. After this Court ordered the petition served upon the respondents, they filed the motion to dismiss that is now before the Court for decision.

**II.     COGNIZABILITY OF GROUND 3(B)**

In Ground 3 of this petition, Evans alleges that he received ineffective assistance of counsel, in violation of his constitutional rights, because his counsel failed to perfect his direct appeal and litigate appellate issues in the Nevada Supreme Court. He also alleges, however, that the trial court abused its discretion under Nevada's appellate rules by not allowing him to file a belated appeal.

Matters committed to the discretion of the state court under state law cannot form the basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Thus, the latter ground, which respondents have denominated Ground 3(b), is not cognizable in this proceeding and must be dismissed.

**III.    EXHAUSTION OF GROUNDS 1(A) AND 4**

As part of Ground 1, Evans alleges that he received ineffective assistance of counsel, in violation of his constitutional rights, due to counsel's failure to advise him that

///

///

2

voluntary intoxication was a possible defense to first degree murder.[2] Evans raises the same claim as Ground 4 of his petition. Respondents argue that Evans failed to exhaust state court remedies for the claim.

Title 28 U.S.C. § 2254 provides, in part, as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State correction process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

As a general matter, a claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004). The exhaustion requirement is not satisfied "where the [federal] claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons." *Id.* at 917 (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (internal quotation marks omitted)).

Evans did not include this claim in his state post-conviction petition. (ECF Nos. 18-8.) His supplemental petition contained an allegation that counsel was ineffective in failing to investigate a voluntary intoxication defense, but made no specific reference to counsel's failure to communicate the availability of the defense to him (Evans). (ECF No.

///

///

---

[2]Respondents have denominated this portion of Ground 1 as Ground1(a).

3

18-13.) Evans also did not present any evidence or solicit any testimony in support of the claim at the evidentiary hearing on the state petition. (ECF No. 19-4.)[3]

Evans presented the claim for the first time in his opening brief on appeal in the state post-conviction proceeding. (ECF No. 19-18 at 19-21.) The Nevada Court of Appeals rejected the claim on procedural grounds due to Evans' failure to present the claim to the lower court. (ECF No. 19-28 at 5-6.) Given these circumstances, this Court must conclude that Evans has failed to exhaust state court remedies for his claim premised on counsel's alleged failure to advise him that voluntary intoxication was a possible defense to first degree murder. *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir.1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.").

This Court further notes that the claim is meritless. The first degree murder charge against Evans was predicated entirely on the fact that the murder occurred during a robbery — i.e., the felony murder theory. Because robbery is a general intent crime, Evans' incapacity to form the specific intent to kill, due to voluntary intoxication, would not have provided a defense to the first degree murder charge in his case. *See Nevius v. State,* 699 P.2d 1053, 1060 (Nev. 1985) (defendant was not entitled to instruction that voluntary intoxication negated specific intent to kill because robbery invokes the felony murder rule); *Daniels v. State*, 956 P.2d 111, 116 (1998) (holding that defendant's "claimed incapacity to form specific intent would not shield him from culpability for robbery and concomitant culpability for first-degree murder under the felony murder rule"). Evans was not deprived of effective assistance of counsel due to counsel's alleged failure to advise him of a non-existent defense.

///

---

[3]Defense counsel briefly testified at the hearing about considering whether intoxication might serve as grounds for suppressing Evans' confession to the police, but gave no testimony regarding intoxication as a possible defense to the first degree murder charge. (ECF No. 19-4 at 36-37.)

4

Thus, this Court will deny the claim on the merits notwithstanding Evans' failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(2).

## IV. PROCEDURAL DEFAULT OF GROUND 2(C)

Ground 2 of Evans' petition is primarily a claim that counsel was ineffective in the sentencing phase of his state criminal proceeding. It also alleges, however, that the state court violated Evans' constitutional rights by imposing an excessive sentence. Respondents argue that the latter claim, which they have denominated Ground 2(c), is procedurally defaulted.

"The independent and adequate state ground doctrine prohibits the federal courts from addressing the habeas corpus claims of state prisoners when a state-law default prevented the state court from reaching the merits of the federal claims." *Thomas v. Lewis*, 945 F.2d 1119, 1122 (9th Cir. 1991). Respondents note that the Nevada Court of Appeals rejected Evans' excessive sentence claim because it was barred under NRS § 34.810(1)(a), which limits post-conviction claims in guilty plea cases to those based on a claim that the plea was involuntarily or unknowingly or that the plea was entered without effective assistance of counsel. (ECF No. 19-28 at 4 n.1.)

Respondents have carried the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). Under *Bennett*, the burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* at 586.

In responding to the motion to dismiss, Evans does not challenge the independence or adequacy of NRS § 34.810(1)(a). Thus, he has not met his burden under *Bennett*. Accordingly, this Court is barred from considering the excessive sentence claim in Ground 2.

///

## V. MOTION FOR APPOINTMENT OF COUNSEL.

On October 2, 1017, Evans filed a motion for appointment of counsel. (ECF No. 11.) This Court denied Evans' prior motion for appointment of counsel in its initial screening order. (ECF No. 4 at 2.) In support of his renewed motion, Evans argues that this Court failed to give due consideration to his prior motion. In particular, he claims that his ability to present his case is limited by a lack of adequate legal resources and his various mental limitations.

Having considered Evans' points and authorities and reviewed his filings in this case, the Court stands by its decision to deny appointment counsel. As noted in the Court's prior order, there is no constitutional right to counsel in a habeas proceeding. *Bonin v. Vasquez,* 999 F.2d 425, 429 (9th Cir. 1993). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987).

Evans has failed to show that the complexities of the case are such that denial of appointed counsel would amount to a denial of due process. In addition, his filings with the Court indicate that he understands the issues and is capable of presenting his arguments to the Court. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming the denial of the appointment of counsel where a petitioner's pleadings demonstrated a good understanding of the issues and an ability to present contentions "forcefully and coherently").

## VI. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 14) is granted. Petitioner's ineffective assistance of counsel claim in Ground 1(a) and Ground 4 is denied on the merits. Ground 2(c) (excessive sentence) and Ground 3(b) (denial of belated appeal) are dismissed.

It is further ordered that respondents will have sixty (60) days from the date this order is entered in which to file an answer to petitioner's remaining grounds for relief. The

answer must contain all substantive and procedural arguments as to all surviving grounds of the petition, and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

It is further ordered that petitioner's motion for appointment of counsel (ECF No. 11) is denied.

It is further ordered that all pending motions for extension of time (ECF Nos.10, 21, 24) are granted *nunc pro tunc* as of their respective filing dates.

DATED THIS 1st day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE